E. R. GARD *v.* A. L. GREER ET AL.

**Demurrer—Petition.**
   A petition, setting out a contract, and agreements of the parties, and
   praying for general relief, is not demurrable.

**Pleadings—Allegations of Petition.**
   Where a petition, giving all the alleged agreements between the
   parties, asks for general relief, the plaintiff is entitled to either a spe-
   cific performance, or a rescission of the contracts as alleged.

APPEAL FROM KENTON CIRCUIT COURT.

April 24, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

This action in equity was brought by appellant against A. L.
Greer, W. F. Simrall and J. A. Greer.  And after a careful
examination of the very elaborate petition of appellant the fol-
lowing material facts are found to be alleged:  That appellant
was the owner by a proper deed of assignment of the right to
make, use and vend in Kentucky a machine to make brick, known
as Hotchkiss & Buss' patent.  That in November, 1865, he made
an agreement in writing with A. L. Greer to sell and assign the
right to use, and sell said machine in the counties of Kenton,
Campbell and Fayette, Kentucky, if upon a fair trial of said
machine said Greer should be satisfied that it would answer the
purpose; and he was to secure the title to the same to said Greer
by a proper deed of assignment, upon the conveyance of the latter
to him of six acres of land in Cook county, Illinois, near Chicago.
That Greer tried said machine, was satisfied with it and elected
to take it, but failed to make to him the conveyance of the six
acres of land.

   That in February 1867, appellant, W. F. Simrall and J. A.
Greer, met and concluded to form a joint stock company for the
purpose of manufacturing brick in said county of Kenton, appel-
lant owning a brick press, or the right to use it, which was
necessary for the more successful operation of said brick machine.

That said joint stock company was formed and the terms upon which it was formed reduced to writing by said A. G. Greer, which writing recites that the said A. L. Greer had the exclusive right to manufacture brick with said machine in Kenton county, which right he thereby transferred to said company, reserving to himself certain privileges and benefits therein named, appellant to pay one-half the cost of fitting up the yard, or yards, for the purpose of carrying out the enterprise, and Simrall and J. A. Greer to pay the other half of the cost thereof.

That the company thus formed completed the necessary preparations, and engaged in the manufacture of brick in Covington, and continued the same until the 22nd of May, 1867, when said Simrall and J. A. Greer sold out their one-half of said brick yards, machines and right to use said patent brick machines in Kenton to him for the consideration of $7,500. Three thousand five hundred dollars of which were paid for the one-half of the right to use said brick machine in Kenton county which they claimed, That he had paid the whole of said $7,500 and had paid said $3,500 by mistake, and without consideration, and alleges the following additional facts in further confirmation thereof, viz:

That when A. G. Greer assumed to be the owner of said patent right for Kenton county, and to transfer the same to Gard, Simrall and J. A. Greer, he had not acquired the legal title therefore, and only held appellant's obligation to make him a title, upon his conveying to said appellant the six acres of land before described, that he had delayed making the title to the land; because, as he said, he was removing certain defects which he said he had discovered; but which he said he could and would remove, and assured appellant, Simrall and J. A. Greer, that it should be done; up to the time appellant purchased the interest of Simrall and J. A. Greer in the yard and right to use said patent in Kenton county, and after he had made said purchase, he then demanded of A. L. Greer to convey said six acres of ground to him, which he refused to do, and still declines to execute the contract by conveying the land, and he charges that A. L. Greer was the real party in all of said sales, negotiations, and trades set forth, although the names of Simrall, who is his son-in-law, and J. A. Greer, who is his son, were used by him, and their names inserted in the several contracts to enable A. L. Greer to perpetrate the fraud, by which he got from appellant said $3,500. That said

---
---

Simrall, J. A. Greer and appellant believed A. L. Greer intended, faithfully to execute his and convey the land as the consideration for the patent right aforesaid for said counties when they entered into the contract to sell him back said patent right and said brick yards, and they all abored under that mistake when he paid said $3,500—and that the same was paid without consideration—and he therefore prays judgment for said $3,500 against said defendants, and for all proper relief.

A. L. Greer filed a separate demurrer to the petition, setting forth several grounds therefor, one of which is that it does not state facts sufficient to constitute a cause of action against him.

And Simrall and J. A. Greer filed jointly a general demurrer. The demurres were sustained, and leave given to appellant to amend his petition, which he declined to do, and it was then dismissed, and that judgment he now seeks to reverse.

From this statement of facts the appellant has parted with valuable rights. to regain a part of which he actually paid out $3,500, and has received nothing in return. A. L. Greer has gotten all he contracted for, and has neither conveyed the land he covenanted to convey, nor paid the value thereof. Under the prayer for general relief, whether he should be able to manifest his right to recover the $3,500 of those he paid the same or not, he certainly is entitled to enforce the conveyance of the land, and in case he cannot get that, to its value, or a rescission of the contract, and whether Simrall and J. A. Greer, being mere assignees of one-half the right to use said machine in Kenton county, as volunteers, their responsibility will depend on future developments.

Wherefore, the judgment is reversed and the cause is remanded with directions to over-rule the demurrers to the petition, to permit appellant to amend his petition if he should ask to do so, and for further proceedings consitsent herewith.

*Stevenson & Myers, for appellant.*

*Simrall, Carlisle & Hord, Benton, for appellees.*